FRANK GRIFFIN, Plaintiff, *v.* BARBARA GRIFFIN, Defendant.

*Divorce — adultery — counterclaim.*

When, in an action for divorce on the ground of adultery, the defendant alleges, by way of counterclaim, adultery on the part of the plaintiff, and proves it, it is error for the referee by whom the case is tried, to say nothing in his report in regard to the testimony on that question, and to direct judgment for the plaintiff, upon findings establishing the guilt of the defendant

Such a judgment is in violation of paragraph 4 of section 1758 of the Code of Civil Procedure, which provides that a plaintiff is not entitled to a divorce, although adultery is established, " where the plaintiff has also been guilty of adultery under such circumstances that the defendant would have been entitled, if innocent, to a divorce."

SUBMISSION, by stipulation, of the question of the error of the referee in not finding, in his report, as to the adultery of the plaintiff, under the pleadings in the action, and the evidence introduced at the hearing.

The action was brought for divorce, on a complaint alleging the commission of adultery by the defendant. The defendant answered, denying the allegation of the complaint as to adultery, and alleging, by way of counterclaim, acts of adultery on the part of the plaintiff. No reply was served, but the action having been referred, the plaintiff moved, before the referee, to be allowed to serve a reply. The referee refused the application, on the grounds that the time in which such a reply was required to be served had long passed, and that he had no power to grant the order asked.

Evidence was given by each party before the referee, tending to prove the commission of adultery by the other. The referee made a report, finding, as facts, the commission of acts of adultery by the defendant, making no reference to the testimony as to the commission of acts of adultery by the plaintiff, and finding, as conclusions of law, that a divorce should be decreed in favor of the plaintiff dissolving the marriage for the adultery committed by the defendant, and that the plaintiff should have the care and custody of the children of the marriage. The report directed that judgment be entered accordingly.

*Anson S. McNab*, for the plaintiff.

*Losey & Marcey*, for the defendant.

MACOMBER, J.:

The judgment entered upon the report of the referee herein should be reversed and a new trial granted. The defendant, in her answer, alleged the guilt of the plaintiff, thus putting the question of the plaintiff's guilt into the controversy. Evidence on the trial was adduced to prove, and did prove without doubt, the guilt of the plaintiff; but in regard to this portion of the testimony the referee says nothing in his report, but finds that the decree of divorce should be found against the defendant, and in favor of the plaintiff, without regard to the testimony adduced by the defendant upon that branch of her case opened up by the counterclaim, and, also, to that extent, in violation of paragraph 4 of section 1758 of the Code of Civil Procedure, which provides that the plaintiff is not entitled to a divorce, although adultery is established, " where the plaintiff has also been guilty of adultery, under such circumstances that the defendant would have been entitled, if innocent, to a divorce." (*Paul* v. *Paul*, 11 N. Y. St. Repr. 71, and cases there cited.)

The judgment must be reversed, and a new trial granted, with costs to abide the final award of costs.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Judgment reversed, and new trial granted, with costs to the defendant to abide the event.